UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GENA DUCKWORTH, et al. ) | |
| ) | |
| Plaintiffs ) | |
| ) | |
| vs. ) | Cause No. 4:03CV01696 RWS |
| ) | |
| ST. LOUIS METROPOLITAN POLICE ) | JURY TRIAL DEMANDED |
| DEPARTMENT, et al., ) | |
| ) | |
| Defendants ) | |

**FIRST AMENDED COMPLAINT**

**Facts Common to All Counts**

1. This is an employment discrimination action seeking declaratory, injunctive and monetary relief due to the St. Louis Metropolitan Police Department's (hereinafter "Department") and/or Board of Police Commissioner's (hereinafter "Board") discrimination and retaliatory discrimination against plaintiffs on the basis of their gender in violation of their rights under 42 U.S.C. §2000(e) *et seq.* and R.S.Mo. §213.010 *et seq.* Additionally, Plaintiffs seek damages against all of the Defendants for their gender-based discrimination against Plaintiffs in violation of 42 U.S.C. §1983.

2. At all times relevant herein, Plaintiff, Gena Duckworth was and is a female police officer employed by the Department since October 24, 1994. She is a resident of the Eastern District of Missouri.

3. At all times relevant herein, Plaintiff Tamatha Fischer, was and is a female police officer employed by the Department since November 17, 1997. She is a resident of the Eastern District of Missouri.

EXHIBIT 1

PDF created with pdfFactory trial version www.pdffactory.com

4. At all times relevant herein, Plaintiff, Sandra Delaney, was and is a female officer employed by the Department since November 17, 1997. She is a resident of the Eastern District of Missouri.

5. Defendant Department is a metropolitan police department located in the City of St. Louis, within the Eastern District of Missouri. It is an "employer" within the meaning of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000(e) *et seq.*

6. Defendant, Board of Police Commissioners, City of St. Louis is a public governmental body having its principle place of business in the City of St. Louis, State of Missouri. Defendant Board is vested by statute with exclusive jurisdiction over the conduct of the affairs of the Department.

7. Defendants Mary E. Nelson, Susan C.J. Rollins, Bart Saracino, Michael J. Quinn, and Francis G. Slay are the current members of the Board of Police Commissioners, a public governmental body, and were acting in their official capacity.

8. Defendant Joseph Mokwa (hereinafter "Mokwa") is the Chief of Police of the Department. He has ultimate supervisory authority over all facets of the Department. He is sued individually and in his official capacity.

9. Defendant Major Roy Joachimstaler was at all times relevant herein the Commander of the South Patrol. The South Patrol includes the First District under its command, supervision and control. He is sued individually and in his official capacity.

10. Defendant Antoinette Filla (hereinafter "Filla") is a Captain within the Department. At all times relevant herein she was the First District Commander. The First District is the district to which all of the Plaintiffs were assigned at the time of the

PDF created with pdfFactory trial version www.pdffactory.com

events giving rise to this Complaint. She is sued individually and in her official capacity.

11. On February 6, 2003, Filla ordered six female officers to be assigned to the nightwatch on a twenty-eight (28) day rotating basis. As the assignment memo itself states, this action was taken solely on the basis of the officers' gender, female. Each of the Plaintiffs was assigned to the nightwatch, together with Officers Karen Eberhart, Michelle Vetter, and Monica Jeffries. A copy of this email memo is attached hereto and incorporated herein as "Exhibit 1." Filla sought the advice and consent of Joachimstaler before implementing this order.

12. Special Order 90-S-7 Section II, H-2(b) provides in relevant part: "If a vacancy in a work schedule occurs during the year, and the vacancy must be filled by an officer from another work schedule, the selection will be made on the basis of seniority (high or low)." In the present case, this Department policy was not followed, in that the officers were assigned based upon their gender, rather than their seniority, without sufficient cause and justification to do so. A copy of the relevant portions of the Special Order are attached hereto and incorporated herein as "Exhibit 2."

13. On February 10, 2003, Plaintiffs, together with Officers Jeffries and Eberhart, filed an internal grievance with the Department. This grievance was premised upon the fact that their assignment had been made solely on the basis of the Officers' gender in violation of Title VII and that it violated §3.114 of the Department's Rule Manual, which requires all police officers to be permanently assigned to a platoon. The officers requested that they be returned to their regular assignments, that the Department follow its own Rules Manual, and that Plaintiffs not be discriminated against. A copy of this grievance is attached hereto and incorporated herein as "Exhibit 3."

PDF created with pdfFactory trial version www.pdffactory.com

14. In response to this grievance, Filla rescinded her previous order requiring six female officers to be assigned to nightwatch on a twenty-eight day rotation schedule and instead assigned three officers, Plaintiffs, to the nightwatch permanently. A copy of this memo is attached hereto and incorporated herein as "Exhibit 4." Officer Vetter, who did not sign the original grievance, was not assigned to the nightwatch. Officers Jeffries and Eberhart, who were involved in a separate sexual harassment complaint against a senior officer of the Department, were also removed from nightwatch duty and returned to their regular shifts. Once again, Filla sought the advice and consent of Joachimstaler before implementing this order.

15. On February 25, 2003, Plaintiffs filed a second grievance with the Department on the grounds that their permanent assignment to the nightwatch was in retaliation for the previous grievance alleging gender-based discrimination. Plaintiffs requested to be returned to their regular assignments, that the Department not discriminate against them and that it not retaliate against them further. A copy of this grievance is attached hereto and incorporated herein as "Exhibit 5."

16. Plaintiffs' grievances were denied, and they were not returned to their regular assignments solely on the basis of their gender and because they filed a grievances complaining of gender-based discrimination.

17. In correspondence dated May 12, 2003, Mokwa notified the Plaintiffs that he had reviewed their various grievances and concurred in the denial of them, leaving the Plaintiffs permanently assigned to the nighwatch solely on the basis of their gender, in retaliation for having previously filed a grievance alleging gender-based discrimination, and in violation of the Department's own policies and procedures regarding seniority in

4

PDF created with pdfFactory trial version www.pdffactory.com

assignments. A copy of this correspondence is attached hereto and incorporated herein as "Exhibit 6."

18. The decisions to remove Plaintiffs from their regular assignments and assign them exclusively to the nightwatch were made and/or sanctioned by the individual Defendants, Mokwa, Joachimstaler and/or Filla.

19. On February 26, 2003, Plaintiffs filed timely complaints of gender-based discrimination with the Equal Employment Opportunity Commission.

20. Plaintiffs have exhausted their administrative remedies and were issued ninety-day "right to sue" letters by the Equal Employment Opportunity Commission on August 28, 2003.

## COUNT I
## TITLE VII AND MHRA AGAINST ALL DEFENDANTS

21. Plaintiffs allege and incorporate by reference as if fully set out herein, paragraphs 1 - 20 above.

22. Defendants Department and Board, through their agents Filla, Joachimstaler and Mokwa, acted against the Plaintiffs as set forth herein based solely upon their gender and in retaliation for filing a grievance complaining of gender-based discrimination.

23. The actions, policies and practices complained of herein were in violation of Plaintiffs' rights secured by 42 U.S.C. §2000(e) *et seq.* and R.S.Mo. §213.010 *et seq*.

24. Due to the Defendants actions as set forth herein Plaintiffs have suffered emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, humiliation and stress. Moreover, due to the filing of internal grievances and complaints of discrimination with the Equal Employment Opportunity Commission, Plaintiffs have

5

PDF created with pdfFactory trial version www.pdffactory.com

and will continue to suffer damages to their careers and reputations, as evidenced by the retaliation they have already suffered for having filed discrimination complaints with the Department.

WHEREFORE, Plaintiffs respectfully pray that this Court advance this cause on its docket, order a hearing at the earliest practicable date, and thereafter:

I. Enjoin Defendants Department, Board and its members Nelson, Rollins, Saracino, Quinn and Slay, it/their successors, officer, agents, including but not limited to Mokwa, Joachimstaler and Filla, representatives and employees, or others acting in concert with it/them, from engaging in the policies and practices complained of herein, to wit, assigning officers based upon gender rather than seniority, or any other discriminatory employment practices, including but not limited to, retaliation for the filing of grievances and/or complaints of discrimination.

II. Order Defendants Department, Board and its members, as well as Mokwa, Joachimstaler, and Filla, in their official capacities, to make Plaintiffs whole for any and all loses or damages they have suffered as a result of the Department's unlawful employment practices.

III. Award damages to Plaintiffs for their emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, humiliation and stress.

IV. Award Plaintiffs the costs of this action, together with reasonable attorneys fees.

V. Grant such other and additional relief as may appear to the Court to be equitable and just under the circumstances.

6

PDF created with pdfFactory trial version www.pdffactory.com

**COUNT II**
**RETALIATORY DISCRIMINATION IN VIOLATION OF**
**TITLE VII AGAINST ALL DEFENDANTS**

25. Plaintiffs allege and incorporate by reference as if fully set out herein, paragraphs 1 - 24 above.

26. As set forth above, Plaintiffs were permanently assigned to the nightwatch by Filla, with the advice and consent of Joachimstaler, after they filed an internal grievance with the Department alleging discrimination. This action was taken in retaliation for the filing of a discrimination grievance and to chill others in the Department from filing similar grievances of discrimination.

27. Officer Vetter, who did not sign the original grievance, was not assigned to the nightwatch, nor were Officers Jeffries and Eberhart, who were involved in a separate sexual harassment complaint against a senior officer of the Department. This action was taken solely on the basis of the grievance previously filed and to deter Plaintiffs and others in the Department from filing similar grievances against supervisory personnel of the Department.

28. Upon information and belief, Plaintiffs will continue to suffer retaliation at the hands of the Department, Board, Mokwa, Joachimstaler, Filla, and/or other supervisory personnel of the Department, including but not limited to, the denial of transfers, assignments and promotions, for the filing of their internal grievances and/or discrimination complaints with the Equal Employment Opportunity Commission.

WHEREFORE, Plaintiffs respectfully pray that this Court advance this cause on its docket, order a hearing at the earliest practicable date, and thereafter:

I. Enjoin Defendants Department, Board and its members Nelson, Rollins,

7

PDF created with pdfFactory trial version www.pdffactory.com

Saracino, Quinn and Slay, it/their successors, officer, agents, including but not limited to Mokwa, Joachimstaler and Filla, representatives and employees, or others acting in concert with it/them, from retaliating against officers of the Depratment, and the Plaintiffs in particular, for the filing of grievances and/or complaints of discrimination.

II. Order Defendants Department, Board and its members, as well as Mokwa, Joachimstaler, and Filla, in their official capacities, to make Plaintiffs whole for any and all loses or damages they have suffered as a result of the Department's unlawful employment practices.

III. Award damages to Plaintiffs for their emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, humiliation and stress.

IV. Award Plaintiffs the costs of this action, together with reasonable attorneys fees.

V. Grant such other and additional relief as may appear to the Court to be equitable and just under the circumstances.

### COUNT III
### RETALIATORY DISCRIMINATION IN VIOLATION OF
### TITLE VII AGAINST ALL DEFENDANTS INVOLVING PLAINTIFF FISCHER

29. Plaintiff Tamatha Fischer (hereinafter "Fischer") alleges and incorporates by reference as if fully set out herein, paragraphs 1 - 28 above.

30. As set forth above, Fischer filed a discrimination complaint against the Department with the Equal Employment Opportunity Commission on February 26, 2003.

31. On or about June 25, 2004, Fischer submitted her application for an open latent prints examiner position at the Department. Fischer met all of the minimum requirements for this open position for which she had applied.

8

PDF created with pdfFactory trial version www.pdffactory.com

32. On or about July 1, 2003, Fischer interviewed for the latent prints examiner position. At the time, she was told that she was the only person to have applied for the position.

33. Even though Fischer was the only officer who applied for the position, and she met the minimum requirements for the position, she was not offered the position. Instead the position was re-posted on or about July 7, 2003.

34. On or about July 24, 2003, Fischer was notified that she was not selected for the latent prints examiner position for which she had previously applied and for which she was qualified.

35. At the time Fischer was denied the latent prints examiner position the Department had actual knowledge that she and other officers had filed complaints with the Equal Employment Opportunity Commission alleging that the Department had engaged in illegal discrimination against Fischer and the other officers. The Department's action in denying Fischer the latent prints examiner position for which she was otherwise qualified was taken in retaliation for the filing of a discrimination complaint with the EEOC and to chill others in the Department from filing similar complaints of discrimination.

36. On or about July 25, 2003, Fischer filed a grievance with the Department based upon her being denied the open position in latent prints. A copy of this memo is attached hereto and incorporated herein as "Exhibit 7." Fischer was informed by the Department that in order to process her grievance, she would need to prepare a memorandum explaining the basis for her complaint. While nothing in the grievance

9

PDF created with pdfFactory trial version www.pdffactory.com

procedure requires the aggrieved officer to prepare a memorandum, Fischer complied with this request on or about August 25, 2003.

37. Thereafter, the Department summarily denied Fischer's grievance and took no further action to determine whether she had in fact suffered retaliatory discrimination in being denied this position.

38. In addition to filing an internal grievance with the Department, Fischer filed a complaint of retaliatory discrimination with the Equal Employment Opportunity Commission. On April 13, 2004, Fischer was issued a ninety day right to sue letter with respect to this complaint.

39. Upon information and belief, Plaintiff Fischer will continue to suffer retaliation at the hands of the Department, Board, Mokwa, Joachimstaler, Filla, and/or other supervisory personnel of the Department, including but not limited to, the denial of transfers, assignments and promotions, for the filing of her internal grievances and/or discrimination complaints with the Equal Employment Opportunity Commission.

WHEREFORE, Plaintiff Fischer respectfully pray that this Court advance this cause on its docket, order a hearing at the earliest practicable date, and thereafter:

I. Enjoin Defendants Department, Board and its members Nelson, Rollins, Saracino, Quinn and Slay, it/their successors, officer, agents, including but not limited to Mokwa, Joachimstaler and Filla, representatives and employees, or others acting in concert with it/them, from retaliating against officers of the Depratment, and Plaintiff Fischer in particular, for the filing of grievances and/or complaints of discrimination.

II. Order Defendants Department, Board and its members, as well as Mokwa, Joachimstaler, and Filla, in their official capacities, to make Plaintiff Fischer whole for

10

PDF created with pdfFactory trial version www.pdffactory.com

any and all loses or damages she has suffered as a result of the Department's unlawful employment practices.

III. Award damages to Plaintiff Fischer for her emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, humiliation and stress.

IV. Award Plaintiff Fischer the costs of this action, together with reasonable attorneys fees.

V. Grant such other and additional relief as may appear to the Court to be equitable and just under the circumstances.

## COUNT IV
## 42 U.S.C. SECTION 1983 AGAINST ALL DEFENDANTS

40. Plaintiffs allege and incorporate by reference as if fully set out herein, paragraphs 1 - 39 above.

41. Defendants, acting under color of state law, deliberately acted against Plaintiffs as set forth above because of their gender, female, causing them to be deprived of their rights secured by the Constitution and laws of the United States.

42. The actions, policies and practices complained of were in violation of 42 U.S.C. §1983 in that they have denied Plaintiffs of their rights secured by Title VII of the Civil Rights Act of 1964, as well as equal protection of the law as secured by the Fourteenth Amendment to the United States Constitution.

43. The actions complained of herein were made by those with final policy-making authority and/or approved by those with final policy-making authority within the Department as part of a deliberate policy of discrimination against female officers, and thereafter to retaliate against such female officers when they complained about this illegal discrimination.

11

PDF created with pdfFactory trial version www.pdffactory.com

44. Due to Defendants' actions Plaintiffs have suffered damages to their careers and reputations, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, humiliation and stress.

45. The discriminatory acts of the individual Defendants as set forth above were willful, deliberate, malicious, and done with gross and reckless indifference to the federally protected rights of these Plaintiffs.

WHEREFORE, Plaintiffs respectfully pray that this Court advance this cause on its docket, order a hearing at the earliest practicable date, and thereafter:

I. Enjoin Defendants Department, Board and its members Nelson, Rollins, Saracino, Quinn and Slay, it/their successors, officer, agents, including but not limited to Mokwa, Joachimstaler and Filla, representatives and employees, or others acting in concert with it/them, from engaging in the policies and practices complained of herein, to wit, assigning officers based upon gender rather than seniority, or any other discriminatory employment practices, including but not limited to, retaliation for the filing of grievances and/or complaints of discrimination.

II. Order Defendants Department, Board and its members, as well as Mokwa, Joachimstaler, and Filla, in their individual and official capacities, to make Plaintiffs whole for any and all loses or damages they have suffered as a result of the Department's unlawful employment practices.

III. Award damages to Plaintiffs for their emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, humiliation and stress.

IV. Order the individual Defendants, Mokwa, Joachimstaler and Filla, to pay

12

PDF created with pdfFactory trial version www.pdffactory.com

punitive damages in an amount sufficient to discourage them and others from such discriminatory conduct.

 V. Award Plaintiffs the costs of this action, together with reasonable attorneys fees.

 VI. Grant such other and additional relief as may appear to the Court to be equitable and just under the circumstances.

## COUNT V
## FAILURE TO INSTRUCT, SUPERVISE, CONTROL AND DISCIPLINE DIRECTED AGAINST DEFENDANTS MOKWA, NELSON, ROLLINS, SARACINO, QUINN AND SLAY UNDER 42 U.S.C. §1983

 46. Plaintiffs allege and incorporate by reference as if fully set out herein, paragraphs 1 - 45 above.

 47. While the Department purportedly has policies and procedures prohibiting discrimination and requires employees to report discrimination, there exists within the Department policies or customs, practices and usages that are so pervasive that they constitute the policies of these Defendants, that caused the violations of Plaintiffs' constitutionally and federally protected rights as set forth herein.

 48. Moreover, while the Department purportedly assures that those who file complaints of discrimination will not be retaliated against, there exists within the Department policies or customs, practices and usages that are so pervasive that they constitute the policies of these Defendants, that caused these Plaintiffs to suffer retaliatory discrimination when they filed internal grievances of discrimination with the Department. Specifically, their supervisors, Filla and Joachimstaler, retaliated against them by permanently assigning them to the nightwatch.

13

PDF created with pdfFactory trial version www.pdffactory.com

49. Mokwa is the ultimate supervisory officer within the Department and his failure to affirmatively act in the face of the transgressions about which he knew or should have known, established the policies of this Defendant to condone or otherwise tolerate conduct that violates the constitutionally or federally established statutory rights of employees of the Department in general and specifically the conduct described in this Complaint. Alternatively, this Defendant has delegated and abrogated all supervisory power. Had this Defendant acted affirmatively to properly train and supervise law enforcement personnel under his command or control and/or to properly discipline the law enforcement personnel under his control when they conduct themselves in ways that violate the constitutionally and federally established statutory rights of others, the discrimination of these Plaintiffs on the basis of their gender would not have occurred and they would not have been retaliated against for bringing this discrimination to the Department's attention.

50. In an effort to protect subordinates engaged in acts of illegal discrimination, Mokwa denied the grievances filed by the Plaintiffs herein so that his own negligent training and supervision would not be discovered.

51. Similarly, the Board, through its members, is the policy making body governing the law enforcement personnel described herein. The Board's failure to affirmatively act in the face of the transgressions described herein of which they knew or should have known, established the policies of these Defendants to condone and otherwise tolerate conduct that violates the constitutionally and federally established rights of employees of the Department in general and the rights of these Plaintiffs as set forth in this Complaint. Alternatively, these Defendants have delegated and abrogated all

14

PDF created with pdfFactory trial version www.pdffactory.com

or part of their policymaking power. Had these Defendants affirmatively acted to properly train and/or supervise the law enforcement personnel under their control and/or to properly discipline that law enforcement personnel under their control when they conduct themselves in ways that violate the constitutionally and federally established rights of others, the gender-based discrimination of the Plaintiffs would not have occurred, nor would they have been retaliated against for filing an internal grievance with the Department.

52. These failures and refusals were in violation of 42 U.S.C. §1983.

53. In their failures as above-described, these Defendants intentionally disregarded known facts or alternatively were deliberately indifferent to a risk of violating the federally established rights of others, of which they knew or should have known, and their culpability caused the violations of these Plaintiffs federally protected constitutional and statutory rights.

54. As a direct and proximate result of the acts and omissions of these Defendants, Nelson, Rollins, Saracino, Quinn, Slay, and Mokwa, Plaintiffs have suffered damages to their careers and reputations, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, humiliation and stress.

55. The conduct of Defendant Mokwa was recklessly and callously indifferent to the federally established rights of the Plaintiffs, malicious and wanton with respect to those rights, and an award of punitive damages is warranted and necessary to punish this Defendant and to deter him and others from the same or similar transgressions in the future.

PDF created with pdfFactory trial version www.pdffactory.com

WHEREFORE, Plaintiffs respectfully pray that this Court advance this cause on its docket, order a hearing at the earliest practicable date, and thereafter:

I. Order Defendants, Board, Nelson, Rollins, Saracino, Quinn, Slay, and Mokwa, to make Plaintiffs whole for any and all loses or damages they have suffered as a result of these Defendants failure and refusal to adequately train, supervise, and/or discipline subordinates so as to prevent them from engaging in illegal acts of discrimination.

II. Award damages to Plaintiffs for their emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, humiliation and stress.

III. Award Plaintiffs the costs of this action, together with reasonable attorneys fees.

IV. Order Defendant, Mokwa, in his individual capacity, to pay punitive damages in an amount sufficient to discourage him and others from such discriminatory conduct.

V. Grant such other and additional relief as may appear to the Court to be equitable and just under the circumstances.

Respectfully submitted,

Pleban & Associates, L.L.C.


By_____
  C. John Pleban, #4066
  Lynette M. Petruska, #15880
  2010 South Big Bend Blvd.
  St. Louis, MO 63117
  Telephone: 314/645-6666
  Facsimile: 314/645-7376

Attorney for Plaintiffs

16

PDF created with pdfFactory trial version www.pdffactory.com

## **CERTIFICATE OF SERVICE**

      I hereby certify that on the ___ day of June, 2004, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to Nancy R. Kistler at the following e-mail address: KistlerN@stlouiscity.com.

_____

PDF created with pdfFactory trial version www.pdffactory.com