UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GENA DUCKWORTH, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) Case No. 4:03CV1696 RWS |
| | ) |
| ST. LOUIS METROPOLITAN POLICE | ) |
| DEPARTMENT, et. al., | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

This matter is before me on Defendants' Motion to Strike Plaintiffs' Expert Designation and Report of Sergeant Gary Weigert [#30]. Defendants argue that Weigert should not be designated as an expert because he had inappropriate ex parte communications with Plaintiffs. Defendants also argue that Weigert's testimony should be excluded under Fed. R. Evid. 702 and Daubert v. Merrel Dow Pharm., Inc., 509 U.S. 579 (1993), and because his testimony should be excluded under Fed. R. Evid. 403. Plaintiffs argue that Weigert qualifies as an expert under Daubert because of his experience working as a police officer and as the President of the St. Louis Police Officers' Association. For the reasons stated below, I find that Plaintiffs have not demonstrated by a preponderance of the evidence that Weigert's testimony is admissible, and I will grant the motion.

## BACKGROUND

This is an employment discrimination case. Plaintiffs are three female police officers employed by the St. Louis Metropolitan Police Department (the "Department"). Defendants are the Department, the Board of Police Commissioners, the Mayor of St. Louis, the Chief of Police, and several police officers. Plaintiffs claim that Defendants discriminated against them based on their gender by assigning them to the night watch and that they also retaliated against them after they complained of discrimination. One of Plaintiffs' claims is that an assignment to night watch is an adverse employment action because officers on night watch are less likely to be promoted than those on day watch.

Sergeant Weigert is a twenty-five year veteran of the Department. He has been a sergeant for eight years. He has served as the President of the St. Louis Police Officers' Association. He works in the First District of St. Louis, the district in which Plaintiffs' claims arose. He worked in the First District at the time Plaintiffs were assigned to the night watch and filed their grievances. Weigert was involved to some extent in the events that gave rise to this case.

Plaintiffs seek to introduce Weigert's allegedly expert opinion and report in this case on the issue of the promotability of night watch officers versus day watch officers, and on the issue of whether police departments need females on both day

and night watch to search female suspects. Plaintiffs argue that he is qualified to give an opinion on the relative promotability of night watch workers "based . . . on his experiences in the [D]epartment and particularly his experiences working as the president of the association." Transcript of June 20, 2005, Hearing at 17. Plaintiffs further argue that, "[a]s a twenty-five year veteran of the Department . . . Sgt. Weigert is quite capable of giving an opinion as to the Department's 'need' to have female officers assigned to every watch to facilitate same sex searches on the streets or at the station." Plaintiffs' Response Brief at 10.

The issue has been fully briefed. On June 20, 2005, I held a hearing and heard oral arguments on the issue.

## STANDARD

Rule 702 of the Federal Rules of Evidence governs the admissibility of expert testimony. Lauzon v. Senco Prods., Inc., 270 F.3d 681, 686 (8th Cir. 2001). Rule 702 states:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Fed. R. Evid. 702.

The proponent of the proposed expert testimony bears the burden of demonstrating by a preponderance of the evidence that the testimony is admissible. See Lauzon, 270 F.3d at 686.

In Daubert, the Supreme Court held that Rule 702 imposes a gatekeeping responsibility upon the district court to ensure that an expert's testimony is both relevant and reliable. 509 U.S. at 589; Kumho Tire Co. v. Carmichael, 526 U.S. 137 (1999); Wheeling Pittsburgh Steel Corp. v. Beelman River Terminals, Inc., 254 F.3d 706, 714-15 (8th Cir. 2001).  "Daubert provides a number of nonexclusive factors a court can apply in performing this role: (1) whether the theory or technique can be (and has been) tested; (2) whether the theory or technique has been subjected to peer review and publication; (3) the known or potential rate of error; and (4) whether the theory has been generally accepted."  Lauzon, 270 F.3d at 686-87 (citations and internal quotations omitted).  "Daubert's progeny provides additional factors such as: whether the expertise was developed for litigation or naturally flowed from the expert's research; whether the proposed expert ruled out other alternative explanations; and whether the proposed expert sufficiently connected proposed testimony with the facts of the case."  Id. at 687 (citations omitted).

## ANALYSIS

Plaintiffs argue that Weigert is qualified to testify as an expert based on his "experiences." Plaintiffs are correct that under Rule 702 a person may gain expertise through experience. However, that experience must be relevant to the issue on which the proposed expert is to testify. Additionally, Rule 702 requires "the testimony [to be] the product of reliable principles and methods." Fed. R. Evid. 702(2). Plaintiffs have failed to show that Weigert has any experience or special knowledge regarding the issues on which Plaintiffs wish to offer his opinion, and they have failed to show that his opinion is the "product of reliable principles and methods" as required by Rule 702 and <u>Daubert</u>.

On the issue of the promotability of night shift officers compared to day shift officers, Plaintiffs testified at the hearing that Weigert and Plaintiffs' expert witnesses evaluated the available data relating to the Department's promotions statistics and compared how night watch officers did relative to other officers. Plaintiffs did not articulate how Weigert's testimony would aid the jury in understanding the data. Plaintiffs did not allege that Weigert has any training or special knowledge relating to the interpretation of statistical data. Nor did Plaintiffs allege that Weigert used any theory, technique, or methodology in coming to his conclusions about the promotability of night shift officers. As a result, Plaintiffs have failed to demonstrate that his opinion on this issue is admissible.

On the issue of whether police departments should have female officers on all shifts in order to properly deal with female suspects, Plaintiffs simply rely on Weigert's experience as a police officer. Plaintiffs do not allege that Weigert has any specialized knowledge relating to psychology, police science, public policy, or any other field that might qualify him to be an expert on this issue. Nor did Plaintiffs allege that Weigert used any theory, technique, or methodology in coming to his conclusions on this issue. As a result, Plaintiffs have failed to demonstrate that his opinion on this issue is admissible.

Additionally, I have carefully reviewed Weigert's report and find that it is devoid of any theory, technique, or methodology. Because Plaintiffs have failed to demonstrate that Weigert has any specialized knowledge that would aid the jury in understanding the issues on which Plaintiffs wish him to testify, and because Plaintiffs have failed to show that Weigert's opinion is "the product of reliable principles and methods," Plaintiffs have failed to establish by a preponderance of the evidence that Weigert's allegedly expert testimony is admissible. As a result, I will grant the motion.[1]

Accordingly,

---

[1] Defendants' alternate theories need not be addressed because my ruling on the Daubert issue is dispositive of the motion.

**IT IS HEREBY ORDERED that** Defendants' Motion to Strike Plaintiffs' Expert Designation and Report of Sergeant Weigert [#30] is **GRANTED**.

Dated this 27th day of October, 2005.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE