UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GENA DUCKWORTH, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) Case No. 4:03CV1696 RWS |
| | ) |
| ST. LOUIS METROPOLITAN POLICE DEPARTMENT, et. al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before me on Defendants' Motion to Strike Plaintiffs' Expert Designations of Dr. Warren and Mr. Robbins [#56]. Defendants argue that the testimony and reports of Warren and Robbins should be excluded because they fail to meet the Rule 702 and <u>Daubert</u> threshold for admissibility. Plaintiffs have chosen not to respond directly to Defendants' arguments in writing. Instead, Plaintiffs state in their response brief that they "incorporate by reference" the arguments they made in their Memorandum of Law in Opposition to Defendants' Motion to Strike Plaintiffs' Expert Designation of Sgt. Gary Wiegert.[1]

The matter has been briefed, and on June 20, 2005, I heard oral arguments on

---

[1] I granted Defendants' Motion to Strike Plaintiffs' Expert Designation and Report of Sergeant Gary Weigert on October 27, 2005.

the issue. For the reasons stated below, I find that Plaintiffs have not demonstrated by a preponderance of the evidence that either Warren's or Robbins' testimony is admissible, and I will grant the motion.

## STANDARD

Rule 702 of the Federal Rules of Evidence governs the admissibility of expert testimony. Lauzon v. Senco Prods., Inc., 270 F.3d 681, 686 (8th Cir. 2001). Rule 702 states:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Fed. R. Evid. 702.

The proponent of the proposed expert testimony bears the burden of demonstrating by a preponderance of the evidence that the testimony is admissible. Lauzon, 270 F.3d at 686 (citing Daubert, 509 U.S. at 592).

In Daubert, the Supreme Court held that Rule 702 imposes a gatekeeping responsibility upon the district court to ensure that an expert's testimony is both relevant and reliable. Daubert v. Merrel Dow Pharm., Inc., 509 U.S. 579, 589 (1993); Kumho Tire Co. v. Carmichael, 526 U.S. 137 (1999); Wheeling Pittsburgh

Steel Corp. v. Beelman River Terminals, Inc., 254 F.3d 706, 714-15 (8th Cir. 2001). "Daubert provides a number of nonexclusive factors a court can apply in performing this role: (1) whether the theory or technique can be (and has been) tested; (2) whether the theory or technique has been subjected to peer review and publication; (3) the known or potential rate of error; and (4) whether the theory has been generally accepted." Lauzon, 270 F.3d at 686-87 (citations and internal quotations omitted). "Daubert's progeny provides additional factors such as: whether the expertise was developed for litigation or naturally flowed from the expert's research; whether the proposed expert ruled out other alternative explanations; and whether the proposed expert sufficiently connected proposed testimony with the facts of the case." Id. at 687 (citations omitted).

## BACKGROUND

This is an employment discrimination case. Plaintiffs are three female police officers employed by the St. Louis Metropolitan Police Department (the "Department"). Defendants are the Department, the Board of Police Commissioners, the Mayor of St. Louis, the Chief of Police, and several police officers. Plaintiffs claim that Defendants discriminated against them based on their gender by assigning them to the night watch and that they also retaliated against them after they complained of discrimination. One of Plaintiffs' claims is that an

assignment to night watch is an adverse employment action because officers on night watch are less likely to be promoted than those on day watch.

Plaintiffs seek to introduce the opinion testimony and reports of Warren and Robbins on whether there was a bona fide departmental justification for the placement of female officers on night watch based on their gender and as to how the assignment to night watch affects an officer's career and opportunities for advancement.

## ANALYSIS

*Dr. Warren's Testimony and Report Do Not Meet the Threshold Requirements of Admissibility Under Rule 702 and <u>Daubert</u>*

In their written response to Defendants' motion to strike, Plaintiffs did not allege that Warren's testimony meets any of the requirements of Rule 702 or <u>Daubert</u>. Plaintiffs have not alleged that Warren has any specialized knowledge relating to the issues on which they wish him to testify. Nor have Plaintiffs alleged that Warren utilized reliable principles or methods in formulating his opinions.

During the hearing, I repeatedly asked Plaintiffs to articulate the theory, technique, or methodology employed by their proposed experts in formulating their opinions. Plaintiffs only allegation with regard to the use of a theory, technique, or methodology was that "[the experts] looked at the raw data relative to the[]

promotion statistics to see how officers on the night watch compared to other officers. And what that showed in particular . . . [was that] officers on the night watch just didn't do very well." Transcript of June 20, 2005, Hearing at 14. However, Plaintiffs have failed to explain how any of the proposed expert's opinions would "assist the trier of fact to understand the evidence or to determine a fact in issue" as required by Rule 702. That is, Plaintiffs have not demonstrated how their proposed experts add anything to the data. As a result, Plaintiffs have not demonstrated that the proposed testimony is relevant. Lauzon, 270 F.3d at 686.

Additionally, I have carefully reviewed Dr. Warren's report and I find that it is not the "product of reliable principles and methods" as required by Rule 702. Warren did not state in his report that he utilized any principles or methods at all. Warren merely states in his report that, "[m]y opinions are based on my background, experience, and expertise . . ." Further, Plaintiffs' counsel stated during the hearing that Warren did not employ any methodology in formulating his opinion as to the promotability of night watch officers compared to day watch officers:

> THE COURT: There's no studies. There's no data. There is just, In my opinion, based on my lifetime of experiences, it's an adverse effect on your ability to be successful on the [promotion] test.
>
> MS. PETRUSKA: That's correct.

> THE COURT: But there's no data to back that up.
>
> MS. PETRUSKA: No, Your Honor.
>
> THE COURT: There is no methodology to apply to verify or not that conclusion?
>
> MS. PETRUSKA: No – they did not –
>
> THE COURT: On training or experience.
>
> MS. PETRUSKA: Right.

Transcript of June 20, 2005, Hearing at 26-27.

Because Plaintiffs have failed to show that the proposed testimony is the "product of reliable principles and methods," they have failed to demonstrate that the proposed testimony is "reliable or trustworthy in an evidentiary sense." Lauzon, 270 F.3d at 686.

Additionally, many of the conclusions in Warren's report are not factual conclusions. Rather, they are legal conclusions on the legality of Defendants' actions. Such conclusions are not within the proper scope of expert testimony and are inadmissible.

Because Plaintiffs have failed to demonstrate that Warren has any specialized knowledge that would aid the jury in understanding the factual issues on which Plaintiffs wish him to testify, and because Plaintiffs have failed to show that

Warren's opinion is "the product of reliable principles and methods," Plaintiffs have failed to establish by a preponderance of the evidence that Warren's allegedly expert testimony is admissible. As a result, Warren shall not be permitted to testify as an expert in this case, and Warren's report shall not be introduced into evidence at trial.

*Robbins' Testimony and Report Do Not Meet the Threshold Requirements of Admissibility Under Rule 702 and <u>Daubert</u>*

Plaintiffs have failed to show by a preponderance of the evidence that Robbins' proposed testimony and report are admissible for the same reasons as are stated above with regard to Warren. Plaintiffs have not alleged that Robbins has any specialized knowledge relating to the issues on which they wish him to testify. Plaintiffs have not shown how Robbins' testimony would aid the trier of fact in determining a fact issue. And Robbins' conclusions are not purported to be the product of any theory, technique, or methodology. As a result, Plaintiffs have not proved by a preponderance of the evidence that Robbins' testimony and report are admissible.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Strike Plaintiffs' Expert Designations of Dr. Warren and Mr. Robbins [#56] is **GRANTED**.

Dated this 28th Day of October, 2005.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE