UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GENA DUCKWORTH, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 4:03CV1696 RWS |
| ) | |
| ST. LOUIS METROPOLITAN POLICE ) | |
| DEPARTMENT, et al., ) | |
| ) | |
| Defendants. ) | |

# **MEMORANDUM AND ORDER**

This matter is before me on Plaintiffs' Motion for Clarification as to Ex Parte Contacts with Sgt. Gary Weigert and Retired Major Robert Zambo. Defendants argue that Plaintiffs have violated Mo. S. Ct. R. 4-4.2 by contacting Wiegert[1] without the authorization of defense counsel. Defendants claim that Wiegert is the type of employee who's acts or omissions could be imputed to Defendants for the purpose of establishing civil or criminal liability. Plaintiffs claim that Rule 4-4.2 does not apply to Wiegert because he is not the type of managerial employee contemplated by the Rule. I agree with Plaintiffs, and I will grant the motion.

---

[1] Defendants have dropped their objections with regard to Zambo.

## BACKGROUND

This is an employment discrimination case. Plaintiffs are three female police officers employed by the St. Louis Metropolitan Police Department (the "Department"). Defendants are the Department, the Board of Police Commissioners, the Mayor of St. Louis, the Chief of Police, and several police officers. Plaintiffs claim that Captain Antoinette Filla, the First District Commander, discriminated against them based on their gender by assigning them to the night watch. Plaintiffs claim that the Department further retaliated against them for filing a grievance based on the alleged discrimination.

Weigert is a twenty-five year veteran of the Department. He has been a sergeant for eight years. He was the President of the St. Louis Police Officers' Association at the time the events that gave rise to this case occurred. He works in the First District of St. Louis, the district in which Plaintiffs' claims arose. He worked in the First District at the time Plaintiffs were assigned to the night watch and filed their grievances.

## STANDARD

The Missouri Supreme Court Rules state, "In representing a client, a lawyer shall not communicate about the subject of the representation with a party the lawyer knows to be represented by another lawyer in the matter, unless the lawyer

has the consent of the other lawyer or is authorized by law to do so." Mo. Sup. Ct. R. 4-4.2.

The commentary to the Rule clarifies the meaning of the term "party" in cases where an organization is the named party,

> In the case of an organization, this Rule prohibits communications by a lawyer for one party concerning the matter in representation with persons having the managerial responsibility on behalf of the organization, and with any other person whose act or omission in connection with that matter may be imputed to the organization for purposes of civil or criminal liability or whose statement may constitute an admission on the part of the organization.

Id.

With regard to this commentary, the Missouri Supreme Court has stated, "This test focuses neither upon a bright line hierarchical structure nor a bright line temporal distinction regarding which employee shall be treated as a party, but instead sets out a functional approach designed to be sensitive to the practical considerations of the real world." State ex rel. Pitts v. Roberts, 857 S.W.2d 200, 202 (Mo. banc 1993). The goal of Rule 4-4.2 "is to allow the organization such treatment regarding these issues as will practically protect its legal interests, without allowing the organization the ability to stonewall its adversary's attempts to investigate the facts and/or to deny the adversary the benefit of its work product." Id.

## ANALYSIS

Plaintiffs shall be prohibited from having ex parte contact with Wiegert if he falls into one of three categories: first, if he has "the managerial responsibility on behalf of the organization"; second, if his "act[ions] or omission[s] in connection with the matter may be imputed to the organization for purposes of civil or criminal liability"; and third, if his "statement[s] may constitute an admission on the part of the organization. Mo. Sup. Ct. R. 4-4.2 Comment.

Defendants rest their argument on the second category of the test. That is, Defendants state, "This Court should consider the claims raised to determine wither defendants' employees are persons whose acts or omissions may subject defendants to liability." However, the Rule also requires that the employees actions or omissions must be "in connection with the [underlying] matter." That is, the actions or omissions must subject Defendants to liability as to the allegations in Plaintiffs' Complaint. Defendants do not allege that this is the case. Nor do the facts before me support such a determination.

Plaintiffs have not claimed that Wiegert's actions or omissions caused or exacerbated the employment discrimination that they allege in their Complaint. Plaintiffs claims of discrimination are against employees who are of a higher rank than Wiegert. Specifically, Plaintiffs state that Commander Filla discriminated

against them by placing them on the night watch because of their gender.  The parties have provided me with evidence that it is the Department's policy that a commander has the authority to assign officers to certain shifts.  There is no evidence on the record that sergeants have any similar responsibilities.

Defendants do not coherently argue that Wiegert falls into one of the other two categories of the test.  That is, they have not argued that Wiegert has "the managerial responsibility on behalf" of the Department, or that his "statement[s] may constitute an admission on the part of the" Department.  As a result, Defendants have failed to show that Wiegert is the type of employee contemplated by Rule 4-4.2.

I will grant Plaintiffs' motion.  Plaintiffs shall be allowed "to communicate about the subject of the representation" with Wiegert without the consent of Defendants' counsel.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Clarification as to Ex Parte Contacts with Sgt. Gary Weigert and Retired Major Robert Zambo [#76] is **GRANTED**.

Dated this <u>1st</u> Day of November, 2005.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE