UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GENA DUCKWORTH, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 4:03CV1696 RWS |
| ) | |
| ST. LOUIS METROPOLITAN ) | |
| POLICE DEPARTMENT, et al., ) | |
| ) | |
| Defendants. ) | |

# MEMORANDUM AND ORDER

This matter is before me on Defendants' Motion to Strike Plaintiffs' Expert Designations and Reports of David Robbins, Atkins Warren, and Gary Wiegert [#131]. The motion will be granted.

## I. BACKGROUND

This is an employment discrimination case. Plaintiffs are three female police officers employed by the St. Louis Metropolitan Police Department (the "Department"). Defendants are the Department, the Board of Police Commissioners, the Mayor of St. Louis, the Chief of Police, and several police officers.

Plaintiffs claim that Defendants discriminated against them based on their gender by assigning them to the night watch and that they also retaliated against

them after they complained of discrimination. Plaintiffs claim that an assignment to night watch is an adverse employment action because officers on night watch are less likely to be promoted than those on day watch.

Plaintiffs seek to introduce the opinion testimony and reports of Warren and Robbins on whether there was a bona fide departmental justification for the placement of female officers on night watch based on their gender and as to how the assignment to night watch affects an officer's career and opportunities for advancement.

Plaintiffs seek to introduce the opinion testimony and report of Wiegert on the issue of the promotability of night watch officers versus day watch officers, and on the issue of whether police departments need females on both day and night watch to search female suspects.

## II. STANDARD

Rule 702 of the Federal Rules of Evidence governs the admissibility of expert testimony. Lauzon v. Senco Prods., Inc., 270 F.3d 681, 686 (8th Cir. 2001). Rule 702 states:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of

reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Fed. R. Evid. 702.

The proponent of the proposed expert testimony bears the burden of demonstrating by a preponderance of the evidence that the testimony is admissible. Lauzon, 270 F.3d at 686 (citing Daubert, 509 U.S. at 592).

In Daubert, the Supreme Court held that Rule 702 imposes a gatekeeping responsibility upon the district court to ensure that an expert's testimony is both relevant and reliable. Daubert v. Merrel Dow Pharm., Inc., 509 U.S. 579, 589 (1993); Kumho Tire Co. v. Carmichael, 526 U.S. 137 (1999); Wheeling Pittsburgh Steel Corp. v. Beelman River Terminals, Inc., 254 F.3d 706, 714-15 (8th Cir. 2001). "Daubert provides a number of nonexclusive factors a court can apply in performing this role: (1) whether the theory or technique can be (and has been) tested; (2) whether the theory or technique has been subjected to peer review and publication; (3) the known or potential rate of error; and (4) whether the theory has been generally accepted." Lauzon, 270 F.3d at 686-87 (citations and internal quotations omitted). "Daubert's progeny provides additional factors such as: whether the expertise was developed for litigation or naturally flowed from the expert's research; whether the proposed expert ruled out other alternative explanations; and

whether the proposed expert sufficiently connected proposed testimony with the facts of the case." Id. at 687 (citations omitted).

## III. ANALYSIS

### A. *David Robbins' Testimony and Report Do Not Meet the Threshold Requirements of Admissibility Under Rule 702 and Daubert*

Plaintiffs have not shown by a preponderance of the evidence that Robbins has any specialized knowledge relating to the issues on which they wish him to testify. Plaintiffs have not shown how Robbins' testimony would aid the trier of fact in determining a fact issue. And Robbins' conclusions are not purported to be the product of any theory, technique, or methodology. As a result, Plaintiffs have not shown by a preponderance of the evidence that Robbins' testimony and report are admissible under Daubert or Fed. R. Evid. 702.

### B. *Atkins Warren's Testimony and Report Do Not Meet the Threshold Requirements of Admissibility Under Rule 702 and Daubert*

Plaintiffs have not shown by a preponderance of the evidence that Warren's testimony meets any of the requirements of Rule 702 or Daubert. Plaintiffs have not shown that Warren has any specialized knowledge relating to the issues on which they wish him to testify. Nor have Plaintiffs shown that Warren utilized reliable principles or methods in formulating his opinions.

Additionally, I have carefully reviewed Dr. Warren's report and I find that it is not the "product of reliable principles and methods" as required by Rule 702. Warren did not state in his report that he utilized any principles or methods at all. Warren merely states in his report that, "[m]y opinions are based on my background, experience, and expertise . . ." Further, Plaintiffs' counsel stated during the hearing I held on June 20, 2005, that Warren did not employ any methodology in formulating his opinion as to the promotability of night watch officers compared to day watch officers:

> THE COURT: There's no studies. There's no data. There is just, ["]In my opinion, based on my lifetime of experiences, it's an adverse effect on your ability to be successful on the [promotion] test.["]
>
> MS. PETRUSKA: That's correct.
>
> THE COURT: But there's no data to back that up.
>
> MS. PETRUSKA: No, Your Honor.
>
> THE COURT: There is no methodology to apply to verify or not that conclusion?
>
> MS. PETRUSKA: No – they did not –
>
> THE COURT: On training or experience.
>
> MS. PETRUSKA: Right.

Transcript of June 20, 2005, Hearing at 26-27.

Because Plaintiffs have failed to show that the proposed testimony is the "product of reliable principles and methods," they have failed to demonstrate that the proposed testimony is "reliable or trustworthy in an evidentiary sense." Lauzon, 270 F.3d at 686.

Additionally, many of the conclusions in Warren's report are not factual conclusions. Rather, they are legal conclusions on the legality of Defendants' actions. Such conclusions are not within the proper scope of expert testimony and are inadmissible.

Because Plaintiffs have failed to demonstrate that Warren has any specialized knowledge that would aid the jury in understanding the factual issues on which Plaintiffs wish him to testify, and because Plaintiffs have failed to show that Warren's opinion is "the product of reliable principles and methods," Plaintiffs have failed to establish by a preponderance of the evidence that Warren's allegedly expert testimony is admissible. As a result, Warren shall not be permitted to testify as an expert in this case, and Warren's report shall not be introduced into evidence at trial.

### C. *Gary Wiegert's Testimony and Report Do Not Meet the Threshold Requirements of Admissibility Under Rule 702 and Daubert*

Plaintiffs have failed to show by a preponderance of the evidence that

Wiegert has any experience or special knowledge regarding the issues on which Plaintiffs wish to offer his opinion, and they have failed to show that his opinion is the "product of reliable principles and methods" as required by Rule 702 and Daubert.

I have carefully reviewed Wiegert's report and find that it lacks any theory, technique, or methodology. Because Plaintiffs have failed to demonstrate that Wiegert has any specialized knowledge that would aid the jury in understanding the issues on which Plaintiffs wish him to testify, and because Plaintiffs have failed to show that Wiegert's opinion is "the product of reliable principles and methods," Plaintiffs have failed to establish by a preponderance of the evidence that Wiegert's allegedly expert testimony is admissible. Accordingly,

**IT IS HEREBY ORDERED that** Defendants' Motion to Strike Plaintiffs' Expert Designations and Reports of David Robbins, Atkins Warren, and Gary Wiegert [#131] is **GRANTED**.

Dated this 30th day of June, 2005.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE